**FRANZEN MOTOR CO. et al. v. WENTZ**

**No. 10629.**

Court of Civil Appeals of Texas. Galveston.

Oct. 27, 1938.

Rehearing Denied Dec. 1, 1938.

LeRoy McCall, of Beaumont, for appellants.

No brief filed for appellee.

CODY, Justice.

This is an appeal from the County Court of Chambers County. The judgment of the trial court will be affirmed on these considerations:

1. We know of no rule which denies to a defendant the right to urge a claim to recover on the basis of quantum meruit for services rendered for a plaintiff which were not contemplated in the express contract between the parties. If a party declares only on express contract, it is true he could not then recover on quantum meruit which he had not pleaded.

2. We have not been cited to any authority which holds that the evidence of a party to a suit as to the value of the services which he has performed at the request of the other party (and which lie outside of the scope of the express contract between the parties) is incompetent evidence to be considered, when not supported by other and additional evidence.

3. Where plaintiffs filed a suit to recover a balance of more than $400 due on a promissory note and to foreclose a mortgage on an automobile securing such note, and joined to that action a suit by one of the plaintiffs to recover an additional sum of $219 alleged to be due such plaintiff on such automobile but which additional sum was not covered by said note, and the court found that defendant had paid all his indebtedness to plaintiffs except $10.10, and further expressly found that said unpaid sum of $10.10 was due for certain items furnished defendant by such plaintiff for his automobile, and the court

then rendered judgment for such plaintiff (who had sued for the additional $219 aforesaid) for that sum, in the absence of any showing by plaintiffs that the court was not justified in applying the payments first to the satisfaction and extinguishment of the note, and in the absence of a showing by plaintiffs that the evidence did not warrant the court in finding that the remaining unpaid indebtedness (in the sum of $10.10) had been incurred for items purchased by defendant, and was no part of the indebtedness evidenced by the note, we are unable to say that the court erred in denying foreclosure on such automobile.

Appellants alone have favored us with a brief in this case. For this reason we look forward to any aid which appellants may give us, in their motion for rehearing, showing why the above conclusions are not correct, and should not stand.

For the reasons above stated, the judgment of the trial court will be affirmed; it is accordingly so ordered.

Affirmed.

PLEASANTS, C. J., absent.